Penelope Strong
PENELOPE STRONG LAW FIRM
2517 Montana Ave.
Billings, MT. 59101
Tel : 406-839-9220
Fax: 406-839-9221

ATTORNEY FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CR 18-105-BLG-DLC |
| Plaintiff, | ) | |
| | ) | **BRIEF IN SUPPORT OF** |
| v. | ) | **MOTION TO DISMISS** |
| | ) | **UNCONSTITUTIONAL** |
| STETSON LEE HINEBAUCH | ) | **CHARGE AND** |
| | ) | **STATUTE** |
| Defendant. | ) | |
| | ) | |

COMES NOW, Stetson Lee Hinebauch, Defendant in the above-entitled case, and by his counsel, Penelope S. Strong, submits his brief in support of the motion to dismiss the charge of felon in possession of firearm, contained in Count I of the Indictment, as unconstitutional.

### 1.  Introduction.

Mr. Hinebauch has a prior state court conviction for simple possession of dangerous drugs, marijuana, pursuant to Sec. 45-9-102, M.C.A.  He is currently on supervision for that offense and received a three-year deferred sentence in Cause No. DC 17-0792.

1

That particular state crime is not a crime of violence, pursuant to the applicable definitions of the Montana Criminal Code.

He has moved the Court for an order dismissing the indictment in his case, asserting various constitutional grounds, premised under the Second Amendment right to bear arms, the Fifth Amendment right of Equal protection and the Fourteenth Amendment right of substantive due process of law.

While the lifetime prohibition against any and all felons[1], state and/or federal, has survived numerous challenges, Mr. Hinebauch respectfully submits that given, newly developed precedents in Second Amendment jurisprudence, and a renewed scrutiny of the applicable concepts of equal protection of our laws, his constitutional challenge is well taken and should be positively considered by this Court.

### 2.  Argument.

### A. The federal statutory scheme concerning prohibited persons and firearms.

18 U.S.C. §922  is the master statutory scheme which sets out the various categories of persons prohibited by federal law, from possessing not only firearms, but also ammunition. Subsection ( g ) ( 1 ), states that persons convicted of an offense which is punishable for a term exceeding one year, are such prohibited persons.

However, Congress explicitly excluded certain" white collar " crimes from this prohibition. 18 U.S.C. §921 ( 20 )( A ) excludes from the definition of " crimes punishable by more than one year ", crimes such as antitrust, restraint of trade, and like offenses, whether state or federal.

---

1.    [1] Certain business felons are excluded, however, from being prohibited persons. See, 18 U.S.C. §921 ( 20 )( A ).

The absolute nature of this statute was not always the case. In fact, it was only after 1961, that Congress expanded the reach of this law, to include all felons, regardless of the nature of their conviction, i.e., violent or not. See, Federal Firearms Act, Ch. 850 §1 (6), 52 stat1250, 1250 (1938), "FFA."

### B. The Recent Evolution of the Second Amendment Right to Bear Arms.

One ground breaking U.S. Supreme Court decision has held that the Second Amendment right to bear arms, is an individualized right, which cannot be constitutionally prohibited or infringed by  federal  authorities under the guise of handgun control legislation. *District of Columbia v. Heller,* 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) .

The Court expressly stated that the traditional prohibition against felons possessing guns was not affected by its ruling:

> "Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, *nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons* and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms. "

*Heller,* 128 S.Ct. at 2816-2817 (emphasis added)

Nonetheless, Mr. Hinebauch argues that this passage is only dicta, which, when a complete historical analysis is conducted, shows that a felon, too, who is non -violent, should be accorded their Second Amendment rights as well.

The right to bear arms was then reinforced and extended to the States by the U.S. Supreme Court decision in *McDonald v. City of Chicago*, 130 S.Ct. 3020( 2009 ), in which the Court held that the Second Amendment Right was incorporated into the Fourteenth Amendment .

Consequently, this Defendant advocates for a higher level of scrutiny, as the Second Amendment has been found to be a fundamental right. He contends that the higher level of constitutional scrutiny, should apply, to the analysis of both of his constitutional challenges.

The Ninth Circuit precedent, however, does not comport with this view. See, *U.S. v. Vongxay*, 594 F.3d 1111, 1118-19 (9th Cir. 2010). But, one court ruling points out that in determining whether government action "substantially burdens" a constitutionally-protected right, courts "typically ask whether the restriction leaves open sufficient alternative avenues" for exercising the right. *Id.* at 787.*Richards v. Cty. Of Yolo*, 821 F. Supp. 2d 1169, 1175 (E.D. Cal. 2011) (citations omitted). Here, the Defendant has no suitable alternatives for exercising his right to bear arms, and to lawfully possess a firearm.

Moreover, he argues that as he is a non -violent felon, for a low level drug possession crime, that when the proper and complete historical analysis is conducted, it will reveal that 18 U.S.C. §922(1)(g) improperly and unconstitutionally burdens the right to bear arms, for that class of individuals. See, *Binderup v.*

*Attorney General,* 836 F. 3d 336 ( 3d Cir. 2016 ) ( holding that federal statute prohibiting certain individuals convicted of misdemeanors of more than two years imprisonment unconstitutional as violating their Second Amendment right to bear arms )*;* C. Kevin Marshall, *Why Can't Martha Stewart Have a Gun?,* 32 Harv. J.L. & Pub. Pol'y 695, 714-28 (2009) (maintaining that bans on felon gun possession are neither long-standing nor supported by common law in the founding era).

## C. The Equal Protection Claim relating to the two classes of non-violent felons.

Again, Mr. Hinebauch argues that the appropriate level of scrutiny for this law, which burdens his fundamental right to bear arms, is the higher level of strict scrutiny.

In addition, he brings an equal protection challenge which the appellate court in *Vongxay,* supra, did not consider. In that case, the challenge was because the status of "felon" is determined differently from state-to-state, thereby limiting the rights of criminals, depending on which state they live in.

Here, the Defendant attacks the statutory scheme on a much different basis. The federal scheme clearly draws  an irrational distinction between those felons convicted of antitrust, restraint of trade and other like business crimes, and all other non-violent felons. The Ninth Circuit Court of Appeals did not address this specialized treatment of such white-collar felons, and thus, its analysis does not

necessarily apply in this case.

Mr. Hinebauch submits there is no rational distinction between such "business crime" felons and all other non-violent felons. Moreover, the fact that Congress actually isolated such white-collar criminals out for exclusion from the felon in possession statute, implicitly and importantly indicates it recognizes that non-violent felons, too, could be safely excluded from the broad reach of that law.

Accordingly, this represents, in an implicit manner, a legislative judgment that non-violent felon, who presumably pose no risk to society, should they bear arms, should not be prohibited from owning or possessing guns in their lifetime. Apparently, Congress, in its infinite wisdom, believed, or was convinced that those categories of non-violent criminals could be safely entrusted with possession and use of firearms.

However, the Defense submits that this distinction is illogical, even nonsensical and cannot withstand strict scrutiny, which he contends is the appropriate standard where a fundamental right is implicated. See, *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 439-40, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) He maintains that there is no rational distinction between crimes as forgery, theft, the various drug offenses found in federal law, and those now excluded, that is, antitrust, restraint of trade and other like violations. Indeed, he submits that "once a non-violent felon, then always a non-violent felon", should be duly recognized in

6

this jurisprudence.

Any such exclusion should extend to all non- violent felons, as defined under the current federal law. That, he contends , would constitute equal protection of the laws.

Accordingly , he urges that the statute and charge as applied in his case, are unconstitutional as violating his Second, Fifth and Fourteenth Amendment rights, when  a careful and probing view of the real purpose of this law, is undertaken.

DATED this 30th day of  November, 2018.


By     /s/ Penelope S. Strong
Penelope S. Strong
Attorney for Defendant


## CERTIFICATE OF COMPLIANCE


Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure, I certify that this   Brief  in Support of Motion to Dismiss is printed with a proportionally spaced font of Times New Roman 14 points; is double spaced; Microsoft Word 2007,  and consists of  1555 words,  excluding certificates of service and  of certificate of compliance.

DATED this 30th day of November, 2018.


By     /s/ Penelope S. Strong
Penelope S. Strong
Attorney for Defendant

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 30th day of November, 2018, a copy of the foregoing document was served upon the individual or individuals whose names and addresses appear below by CM/ECF filing:

> Thomas Godfrey (Godfrey@usdoj.gov)
> Assistant U.S. Attorney
> U.S. Attorney's Office
> Counsel for the United States of America

> By:   <u>/s/ Penelope S. Strong</u>
> Penelope S. Strong
> Penelope Strong Law Firm
> Attorney for Defendant