**THOMAS K. GODFREY**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone: (406) 657-60101
FAX: (406) 657-6989
E-mail: Thomas.Godfrey@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> Plaintiff, <br><br> v. <br><br> **STETSON LEE HINEBAUCH,** <br><br> Defendant. | **CR 18-105-BLG-DLC** <br><br> **UNITED STATES' RESPONSE TO MOTION TO DISMISS** |

The United States of America respectfully requests that the Court deny Defendant's motion to dismiss the indictment on the ground that 18 U.S.C. § 922(g) (prohibited person in possession of a firearm) is unconstitutional. The Defendant concedes that these arguments have been rejected by governing Ninth Circuit precedent.

# ARGUMENT

The Defendant was indicted by the grand jury on August 16, 2018 for Count 1: Prohibited Person in Possession of Firearms in violation of 18 U.S.C. Section 922(g)(1); and Count 2: False Statement During Firearms Transaction in violation of 18 U.S.C. Section 922(a)(6). He has now filed a motion to dismiss Count I. He argues: (1) The charge in Count I is an unconstitutional violation of the Second Amendment; (2) The charge in Count I is an unconstitutional violation of the Equal Protection clause and violates Due Process. These arguments have all been rejected by the Ninth Circuit, which the Defendant acknowledges in his motion. The controlling case law is clear and the Defendant's motion must be denied.

The Ninth Circuit has previously rejected his arguments that 18 United States Code Section 922(g)(1) is an unconstitutional violation of the Second Amendment and the Equal Protection clause in *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010). The Ninth Circuit noted that no court after *Heller* has found the statute constitutionally suspect. *Id.* at 1117. In regards to the argument that the statute violates equal protection rights, as applied to federal law through the Due Process clause of the Fifth Amendment, the Ninth Circuit was direct, "we hold that § 922(g)(1) does not violate the equal protection guarantee of the Fifth Amendment." *Id.* at 1119. The Ninth Circuit in *Vongxay* further rejected the argument that the statute should be reviewed under strict scrutiny and held that

*Lewis v. United States* still controlled on that point, because the right established by *Heller* does not apply to felons.  *Id.* at 1118-1119 (*citing Lewis v. U.S.*, 445 U.S. 55 (1980)).  The Defendant cites no case law that finds § 922(g)(1) unconstitutional and the controlling Ninth Circuit case law is clear.

## CONCLUSION

The Defendant's motion to dismiss is based on arguments that have already been settled by the Ninth Circuit.  His motion acknowledges that his claims have previously been rejected by the Ninth Circuit.  The controlling case law is clear.  The Defendant's motion to dismiss should be denied.

DATED this 13th day of December, 2018.

                KURT G. ALME
                United States Attorney


                */s/ Thomas K. Godfrey*
                Assistant U.S. Attorney
                Attorney for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2018, a copy of the foregoing document was served on the following persons by the following means:

<u> 1, 2 </u>  CM-ECF
<u>       </u>  Hand Delivery
<u>       </u>  Mail
<u>       </u>  Overnight Delivery Service
<u>       </u>  Fax
<u>       </u>  E-Mail

1. Clerk, United States District Court

2. Penelope Strong
Penelope Strong Law Firm
2517 Montana Avenue
Billings, Montana 59101
Counsel for the Defendant

<u>*/s/ Thomas K. Godfrey*</u>
Assistant U.S. Attorney
Attorney for Plaintiff