FILED

DEC 20 2018

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STETSON LEE HINEBAUCH,<br><br>Defendant. | CR 18–105–BLG–DLC<br><br><br><br>ORDER |

Defendant Stetson Lee Hinebauch moves to dismiss Count I of the Indictment. (Doc. 21.) For the reasons explained, the Court denies the motion.

## BACKGROUND

On August 16, 2018 Hinebauch was indicted under 18 U.S.C. §§ 922(g)(1), (a)(6). Hinebauch seeks to dismiss Count I for felon in possession of a firearm as unconstitutional under the Second Amendment, the equal protection clause, and substantive due process. Because Hinebauch does not brief his substantive due process claim, it is not properly before the Court and will not be considered. Hinebauch's other claims are discussed below.

## DISCUSSION

### I. Second Amendment Challenge

Hinebauch concedes that the Ninth Circuit has held that a Second Amendment challenge to 18 U.S.C. § 922(g)(1) fails. *See United States v.*

1

*Vongxay*, 594 F.3d 1111 (9th Cir. 2010). However, Hinebauch seems to suggest that this Court should pick up where the United States Supreme Court left off in *District of Columbia v. Heller*, 544 U.S. 570 (2008) and conduct a "proper and complete historical analysis" to extend the fundamental right to bear arms to felons, in violation of the Ninth Circuit's holding in *Vongxay* and *Heller*'s instructions to the contrary. (Doc. 22 at 3–4 (quoting *Heller*, 544 U.S. at 627 ("Although we do not undertake an exhaustive historical analysis today of the full scope of the Second Amendment, nothing in our opinion should be taken to cast doubt on the longstanding prohibitions on the possession of firearms by felons . . .")).) This Court declines to do so. "Under [the] law of the circuit doctrine, a published decision of [the Ninth Circuit] constitutes binding authority which must be followed unless and until overruled by a body competent to do so." *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) (quoting *Gonzalez v. Arizona*, 677 F.3d 383, 389 n.4 (9th Cir. 2012) (en banc)) (internal quotation marks omitted).

The Ninth Circuit has clearly held that *Heller* does not constitute a basis on which to challenge a criminal charge involving the possession of a firearm by a prohibited person. *Vongxay*, 594 F.3d at 1115. To the extent that Hinebauch argues that *Heller*'s "language about certain long-standing restrictions on gun possession is dicta, and therefore not binding," the Ninth Circuit has expressly held

2

to the contrary. *Id.* Because this is the "law of the circuit," the Court denies
Hinebauch's Second Amendment challenge.

## II.     Equal Protection Challenge

Additionally, Hinebauch challenges Count I under the equal protection
clause of the Fifth Amendment. He argues that the statutory scheme under § 922
creates an irrational distinction between non-violent felons and business-crimes
felons, because it excludes those convicted of "antitrust violations, unfair trade
practices, restraints of trade, or other similar offenses relating to the regulation of
business practices" under § 921(a)(20)(A), but not other non-violent felons.
Hinebauch argues that *Vongxay* does not control the outcome here, because
*Vongxay* involved a challenge the statute's definition of a "felon" itself, whereas
Hinebauch challenges the exclusion of certain kinds of felons from the firearm
prohibition.

To the extent that *Vongxay*'s resolution of the equal protection challenge
itself may be distinguishable, *Vongxay*'s conclusion that rational basis remains the
appropriate level of scrutiny post-*Heller* controls. *Id.* at 1118. Notably, the
Government provides no justification for why Congress' exclusion of business
related crimes under § 921(a)(20)(A) survives rational basis review. Nevertheless,
"rational basis review requires deference to reasonable underlying legislative
judgments," and the Court will not invalidate a legislative decision where it is

3

based on a "plausible policy reason for the classification." *Armour v. City of Indianapolis, Ind.*, 566 U.S. 673, 681–82 (2012).

Numerous courts have upheld Congress' decision to exempt business-felons in the face of an equal protection challenge. The Seventh Circuit concluded that Congress had a rational basis to exclude these felons because § 922(g)(1) was enacted "to keep firearms out of the hands of those persons whose prior conduct indicated a heightened proclivity for using firearms to threaten community peace." *United States v. Jester*, 139 F.3d 1168, 1171 (7th Cir. 1998). The Fourth Circuit applied similar reasoning, even in the face of the defendant's challenge that his prior conviction for robbery was a "non-violent" crime. *United States v. Pruess*, 703 F.3d 242, 247 (4th Cir. 2012). There, the Court concluded that "[t]here is a plainly rational relation between the felon-in-possession prohibition as applied to a collector of dangerous, often stolen weapons and explosives who has repeatedly and flagrantly ignored the laws of the United States, like [the defendant,] and the legitimate government interest in public safety." *Id.* Additionally, in an unpublished decision, the Ninth Circuit concluded that these very same arguments lacked merit, reasoning that "Congress could rationally conclude that firearms are more likely to be involved in drug conspiracies than they are in monopolization attempts or other business-related crimes." *United States v. Small*, 494 F. App'x 789, 791 (9th Cir. 2012) (unpublished).

4

Reviewing the reasoning of these courts, the Court agrees that Congress could rationally conclude that there was reason to exclude business-felons from the firearm prohibition, because financially motivated or regulatory-avoidance crimes do not contain the same inherent "heightened proclivity" for violence and danger as the crimes included in § 922(g)(1), even those categorized as "non-violent." Similarly, in *Vongxay*, the Ninth Circuit found no equal protection concern even where Vongxay's three prior convictions (two for car burglary and one for drug possession) were all classified as non-violent crimes.

Therefore, the Court denies Hinebauch's motion to dismiss Count I of the Indictment as unconstitutional.

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss Unconstitutional Charge and Statute (Doc. 21) is DENIED.

DATED this 20th day of December, 2018.

Dana L. Christensen, Chief Judge
United States District Court

5